UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JERRY ROHRER, | ) | CASE NO. CV 05-03513 RZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND |
| vs. | ) | ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

The first of Plaintiff Jerry Rohrer's two arguments for reversal or remand is that the Administrative Law Judge improperly rejected his subjective account of his symptoms. Generally, once a claimant has supplied objective medical evidence of a

malady that "could reasonably be expected to produce" some degree of pain or other subjectively-reported symptoms, the Administrative Law Judge may discount the claimant's testimony about the degree of pain – and how that pain affects the claimant's ability to work – only if the judge supplies specific, cogent reasons supported by substantial evidence in the record, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996), sufficient to permit this Court to conclude that the Administrative Judge's disbelief was not arbitrary. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1994).

The Administrative Law Judge here complied with the *Bunnell* standard by stating three reasons, supported by substantial evidence, for finding Plaintiff's account of his subjective symptoms not fully credible. First, he pointed out Plaintiff's routine activities, including shopping, maintenance tasks, some chores, walking, bicycling, driving and church attendance, implying that such activities are somewhat inconsistent with Plaintiff's claimed degree of pain (and are consistent with an ability to do light work). AR 30; *see Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990), *following Fair v. Bowen*, 884 F.2d 597, 604 (9th Cir. 1989). Second, the Administrative Law Judge noted that Plaintiff's pain treatment was considerably more conservative than one might expect of someone alleging disabling agony. AR 30; *see Fair*, 884 F.2d at 604. Third, he considered Plaintiff's alert and responsive behavior at the hearing. AR 30; *see Drouin v. Sullivan*, 966 F.2d 1255, 1259 (9th Cir. 1992) (Administrative Law Judge's observations of claimant at hearing may serve as a factor in discounting credibility of claimant's pain testimony, so long as such are not the sole basis for doing so). That there may be other interpretations of a claimant's testimony and behavior that are reasonable does not mean that the Administrative Law Judge erred. As long as his interpretation is reasonable and supported by substantial evidence, it is not the role of the Court to second-guess it. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

1         Plaintiff's second argument is that the Administrative Law Judge "failed to
2 provide any reason to reject the" Daily Activities Questionnaire submitted by his girlfriend,
3 Linda Ross. AR 154-59. As a preliminary matter, the Administrative Law Judge is not
4 required to mention every item in a claimant's record; a failure to address some items is not
5 tantamount to a failure to consider them or a rejection of them. *Howard v. Barnhart*, 341
6 F.3d 1006, 1012 (9th Cir. 2003). Such questionnaires can supply useful information about
7 how a claimant's alleged impairments affect his ability to engage in gainful employment,
8 *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law thus may reject them
9 only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d
10 915, 919 (9th Cir. 1993).

11         Here, Ms. Ross's statements in the questionnaire were largely cumulative to
12 Plaintiff's own testimony about pain and poor sleep habits secondary to such pain. The
13 Administrative Law Judge found Plaintiff's testimony not entirely credible, to the extent
14 Plaintiff asserted he was entirely unable to work due to pain, and the Court already has
15 concluded that such a finding was not erroneous. Ms. Ross asserts that Plaintiff has "good
16 days" and "bad days" when he is incapacitated by a "flare up" in his pain's intensity.
17 Plaintiff avers that Ms. Ross's assertion of such "flare up" days is significant probative
18 evidence of disability, in that it shows he could not attend work satisfactorily. The Court
19 disagrees, because Ms. Ross does not quantify how often "bad days" occur. Nothing
20 indicates that they occur so often that Plaintiff could not satisfactorily attend work, with
21 occasional sick days. The Court "can confidently conclude that no reasonable
22 [Administrative Law Judge], when fully crediting" Ms. Ross's statements, "could have

1 reached a different disability determination." *See Stout v. Commissioner*, 454 F.3d 1050,
2 1056 (9th Cir. 2006). Accordingly, any error inherent in the opinion's failure to discuss
3 those statements was harmless.
4         In accordance with the foregoing, the Commissioner's decision is affirmed.

6     DATED: September   11  , 2006

                        /s/ Ralph Zarefsky
                       RALPH ZAREFSKY
                   UNITED STATES MAGISTRATE JUDGE